NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3405
_____


IN RE:  JEFFREY NATHAN SCHIRRIPA,
                                                                    Petitioner
_____


On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil No. 2-15-cv-03649)

_____


Submitted Pursuant to Rule 21, Fed. R. App. P.
October 22, 2015

Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 3, 2015)
_____

OPINION[*]
_____

PER CURIAM

Petitioner Jeffrey Nathan Schirripa, filed this petition for a writ of mandamus

seeking an order directing the United States District Court for the District of New Jersey

to rule on a motion for relief from final judgment which was filed pursuant to Federal

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Rule of Civil Procedure 60 on July 20, 2015.[1]  For the following reasons, we will deny

the petition.

A writ of mandamus is a drastic remedy that is invoked only in extraordinary

situations.  See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976).  To limit the use of

the writ to such extraordinary circumstances, a petitioner must show: (1) both a clear and

indisputable right to the writ, and (2) that he has no other adequate means to obtain the

relief desired.  See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing

Kerr, 426 U.S. at 403).

Although a district court retains discretion over the manner in which it controls its

docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), an

appellate court may issue a writ of mandamus when an "undue delay is tantamount to a

failure to exercise jurisdiction[.]"  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996),

superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c).  Here, there is no basis for

granting the petition for a writ of mandamus on the basis of undue delay.  While

Schirripa argues that his motion for relief from judgment has been "unreasonably

neglected/delayed" by the District Court's "inability (or unwillingness)" to rule on the

motion despite a "clear and undisputable obligation" to do so, we note that Schirripa's

motion was filed approximately three months ago.  We do not hesitate to conclude that

---

[1]     Schirripa asserts that his motion for relief from judgment was filed on June 25, 2015, but was "misplaced" by the District Court Clerk and was not docketed until July 20, 2015.

this period of time does not rise to the level of undue delay.[2] We see no reason to believe that the District Court will not adjudicate the motion in due course. Thus, we conclude that there is no basis here for an extraordinary remedy.

Because our intervention is not warranted, we will deny the petition for a writ of mandamus

---

[2] Even if we were to consider Schirripa's motion as filed on June 25, 2015, the date he alleges, rather than the date the motion was docketed, this apparent four-month period of time still does not constitute undue delay warranting our intervention.